CARMEN ROSA OLIVERA ETC., Plaintiff and Appellee, v. HEIRS OF FELIPE GONZÁLEZ ET AL., Defendants and Appellants.

No. 7674.  Argued January 17, 1938.—Decided March 29, 1938.

*José C. Jusino* for appellants. *Enrique Báez García* for appellee.

854

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is a motion to dismiss an appeal for failure to notify one of the interested parties and on the further ground that the appeal is frivolous.

■ As to whether the appeal is frivolous, it will be suffi·cient to say that there is not a sufficient showing in the record to decide the question, since the judgment was based on the evidence, and the evidence is not before us. It is true that some of the allegations of the complaint were admitted in the answer, but not all those were admitted which are necessary in order that it may appear from the pleadings that the existence of the recognition as natural daughter of Felipe A. González, upon which plaintiff based her action, was conceded.

■ Let us turn to the failure to notify. It is evident that there was a failure to notify the co-defendant Josefa A. González. The question for consideration and decision is whether such notice was necessary for this Court to acquire jurisdiction.

The statute—Section 296 of the Code of Civil Procedure, 1933 ed.—provides that an appeal is taken by filing with the secretary of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney.

Was the co-defendant Josefa A. González an adverse party? Let us see.

The action was commenced by Carmen Rosa Olivera, an infant represented by her mother with *patria potestas*, Ana Celia Olivera, against the heirs of Felipe A. González, being his sister, the above mentioned Josefa A. González and the children of his brother and other sister, Dolores and Arístides González, named in the complaint, for a judgment declaring the infant plaintiff to be the recognized natural daughter of Felipe A. González with all the rights inherent

in such declaration, and with an award of costs against such of the defendants as might oppose the action.

All the defendants were served and appeared by their counsel, Rafael A. Saliva. Saliva withdrew, and then the defendants, with the exception of Josefa González, through their counsel, José C. Jusino, answered the complaint. They thereafter amended their answer to aver that the failure of the co-defendant Josefa to appear was due to the fact that she had conspired with the mother of the plaintiff, agreeing to recognize the minor as the child of her brother Felipe in consideration of the child's mother making no opposition to a certain action of debt which had been filed.

After the trial, the court entered judgment declaring "that the law and the facts are in favor of the plaintiff Carmen Rosa Olivera and against the defendants, the heirs of Felipe A. González, being his full sister Josefa González, the heirs of Dolores González, being . . . , and the heirs of Arístides González, being . . . , the defendants being adjudged to pay costs, but without attorney's fees."

The defendant heirs of Dolores and Arístides González appealed from the judgment, giving notice of their appeal to the clerk of court and to the attorney for the plaintiff, but failing to notify Josefa González or her attorney.

The authorities are very numerous on the point, and as summarized in a note to the case of *Nelson Bennett Co.* v. *Twin Falls Land etc. Co.*, 13 Idaho 767, found in volume 13 of American and English Annotated Cases, pages 181–185, appear to have laid down the following rules:

"It may be stated as a well-settled rule that a notice of appeal must be served on all the adverse parties."

The rule finds support in cases from California, Colorado, Idaho, Iowa, Louisiana, Michigan, and other states.

"Every party whose interest in the subject-matter of the appeal is adverse to or will be affected by the reversal or modification of the judgment or order from which the appeal is taken is an adverse party

within the meaning of a statutory provision requiring a notice of appeal to be served on all adverse parties.''

In support of the principle, decisions are cited from ten states of the Union.

''Coparties to an action who do not join in an appeal must be served with notice of appeal when their interests are adverse to that of the party prosecuting the appeal.''

The decisions of this Court are in line with the principles so enunciated. See: *Candelas* v. *Ramírez et al.*, 20 P.R.R. 31; *Galafar* v. *Succession of Morales*, 22 P.R.R. 458; *Torres* v. *Heirs of Caballero*, 39 P.R.R. 654; and *Carrión* v. *Toral et al.*, 44 P.R.R. 412.

The result is that it is not enough for one to be a co-defendant in order that notice of an appeal taken by another defendant be given, but it is also necessary that one's interest be adverse to that of the appellant.

Applying that principle to the facts of this case, it does not appear that there was in fact any necessity for notice. The judgment of recognition was entered against all the defendants, including the defendant Josefa González, who presented no defense in the action. Can it be contended that the interest of the said defendant in the appeal taken by the other defendants is adverse to them? At first sight, no. On the contrary, instead of being adverse, her interest appears to be in harmony with that of the appellants, since if they should be successful on appeal, what she would obtain would be her proportionate part of her brother's estate and release from the award for costs entered against her together with the other defendants as part of the judgment.

If she had formally consented to judgment, admitting that she did so because she was convinced that the plaintiff was in fact the recognized natural child of her brother, the situation would be different. Such, however, was not the case. Her attitude was entirely passive.

Furthermore, if she was active in the sense of conspiring as alleged in the answer to the complaint filed by the other defendants, such interest adverse to the reversal, being immoral, could not be taken into consideration.

The motion to dismiss must be denied.

Mr. Justice Córdova Dávila took no part in the decision of this case.